■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES JOSEPH BENNETT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 30, 1962 after a jury trial, convicting him of burglary in the third degree, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Brennan and Hill, JJ., concur; Christ, J., dissents and votes to remit the action to the trial court for a hearing on the issue of the voluntariness of defendant's confession, with the following memorandum: Although the defendant did not specifically raise any issue as to the voluntariness of his confession, and although the issue was not presented for the consideration of the jury, the record contains sufficient evidence to justify the raising of the issue. Under the circumstances I believe that the doctrine of *Jackson* v. *Denno* (378 U. S. 368) and *People* v. *Huntley* (15 N Y 2d 72) is applicable. The court's questions addressed to the accomplice Magennis would indicate to the mind of a juror that the Trial Justice found this witness incredible and thus the effectiveness of the only witness exonerating the defendant was destroyed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANIBAL CALO, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered February 28, 1964 after a jury trial, convicting him of murder in the first degree and arson in the first degree, and imposing sentence. Pending this appeal and pursuant to the order of this court (22 A D 2d 925), a separate hearing was held by the court upon the issue of the voluntariness of defendant's confession. The court's decision upon such issue has been reviewed as part of the record. Judgment affirmed. The trial court found the statement or confession, to have been voluntarily signed by defendant, but held that it should have been excluded because it had been given after his arrest and prior to arraignment. In so holding the court erred. A voluntary statement, made after arrest and prior to arraignment, is now admissible despite the fact that the defendant was not advised of his right to remain silent or his right to a lawyer (*People* v. *Gunner,* 15 N Y 2d 226; *People* v. *Green,* 23 A D 2d 500). The court charged that the confession was not sufficient to convict unless there was additional proof that the crime charged had been committed. There was such additional proof in this case. Under the circumstances, and in the absence of a specific request therefor, it was not error for the court to have failed to elaborate further on the subject of what that additional evidence might consist. We have examined the other claimed errors and find them to be without merit. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.